MEMORANDUM **
Gary Radi appeals the district court’s sentence of sixty months imprisonment following his conviction for one count of filing a fraudulent federal income tax return. Radi also appeals the district court’s order requiring him to pay $40,920.09 in restitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Radi’s sentence of sixty months imprisonment, but vacate the restitution order and remand for re-sentencing. Because the parties are famil *403 iar with the facts, we do not recount them here except as necessary to explain our decision.
(1) The district court’s sentence of sixty months of imprisonment was substantively reasonable because the court correctly calculated the Sentencing Guidelines, and adequately considered and reasonably applied 18 U.S.C. § 3553(a). See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
(2) The district court’s decision not to waive the interest on restitution was also reasonable. Although district courts have the authority to waive interest, 18 U.S.C. § 3612(f)(3), the law presumes that interest will accrue on restitution awards in excess of $2,500, 18 U.S.C. § 3612(f)(1).
(3) The district court did not commit plain error by including losses suffered as a result of seventy-one[1] uncharged fraudulent tax return claims when it calculated total loss under U.S.S.G. § 2Bl.l(b) and determined Radi’s advisory Sentencing Guideline range. See United States v. Fine, 975 F.2d 596, 600 (9th Cir.1992) (stating that the “relevant conduct provisions ... taken together with the fraud and grouping provisions, mean that conduct which was part of the scheme is counted [when calculating a defendant’s sentence], even though the defendant was not convicted of crimes based upon the related conduct”).
(4) The district court, however, abused its discretion in ordering restitution for losses resulting from the same seventy-one uncharged fraudulent tax return claims. Although the district court may consider any relevant conduct when calculating a defendant’s advisory Sentencing Guideline range, under the Mandatory Victims Restitution Act (“MVRA”), 18 U.S.C. § 3663A, the district court is only authorized “to order restitution for the losses caused by the specific conduct underlying the offense of conviction.” United States v. Baker, 25 F.3d 1452 (9th Cir.1994).
The MVRA also provides that restitution may be ordered “to the extent agreed to by the parties in a plea agreement.” 18 U.S.C. § 3663A(a)(3). Radi’s plea agreement, however, limits restitution to the twenty-two charges in the indictment and there is no mention of the seventy-one uncharged fraudulent tax return claims. Accordingly, we vacate the district court’s restitution order and remand with instructions to recalculate the restitution order based solely on the twenty-two fraudulent tax return claims which were charged in the indictment.
(5) The Pre-Sentence Report included a description of prior criminal charges for which Radi was acquitted in a section titled “other arrests.” This was proper under Federal Rule of Criminal Procedure 32(d)(2)(A)(i), which states that the Pre-Sentence report must contain “the defendant’s history and characteristics including any prior criminal record.” Moreover, while addressing Radi’s objections to the Pre-Sentence Report, the district court specifically stated that the prior charges “ha[ve] no impact on the sentencing today.” Accordingly, there is no evidence in the record that supports Radi’s claim that the inclusion of his prior crimi *404 nal charges unduly prejudiced his sentencing.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Radi prepared and filed ninety-three false and fraudulent federal tax returns. Radi was not, however, charged for seventy-one of the ninety-three fraudulent tax returns. Radi was only indicted for twenty-two counts of filing fraudulent claims for federal income tax. Pursuant to a plea agreement, Radi pleaded guilty to one count of filing a fraudulent tax return, and the government agreed to dismiss the other twenty-one counts.